```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


AETNA LIFE INSURANCE COMPANY,   §
                                §
     Plaintiff,                 §
                                §
v.                              §   CIVIL ACTION NO. H-06-3359
                                §
URSULA M. THOMAS a/k/a          §
URSULA M. CHRISTIAN,            §
GLENDA THOMAS,                  §
EDRIC THOMAS,                   §
KAMRYN THOMAS, a minor, and     §
TATIANA JENKINS, a minor,       §
                                §
     Defendants.                §
```

MEMORANDUM AND ORDER

Pending is Defendant Ursula Thomas's Motion for Summary Judgment (Document No. 33). After carefully considering the motion, responses, and the applicable law, the Court concludes that the motion should be denied.

Ursula Thomas ("Movant") contends that because she has not been convicted and sentenced in the death of the insured ("the Deceased"), she is entitled to the entire insurance benefit. Document No. 33 at 3-4. According to Movant, "the Court needs to look no further than the Texas Probate Code section 41(d)" to see that there is no genuine issue of material fact because she has not been "convicted and sentenced as a principal or accomplice in willfully bringing about the death of the insured." Id. (quoting

TEX. PRO. CODE ANN. § 41(d) (Vernon 2006)).  Movant contends further that the Texas "slayer statute," TEX. INS. CODE ANN. § 1103.151 (Vernon 2006), has no applicability unless Ursula Thomas is first convicted of the Deceased's murder as either a principal or an accomplice.

Movant's analysis of the two statutes is erroneous.  Texas courts are clear that beneficiaries who willfully bring about the death of insured persons forfeit their right to the insurance proceeds--regardless of conviction or sentence.  *See, e.g.*, Crawford v. Coleman, 726 S.W.2d 9, 10 (Tex. 1987) ("It is undisputed that [the beneficiary] has forfeited any interest in the proceeds because he willfully brought about [the insured's] death."); Bounds v. Caudle, 560 S.W.2d 925, 928 (Tex. 1977) (imposing a constructive trust where the beneficiary willfully and wrongfully caused the death of the insured person); Nat'l Life & Accident Ins. Co. v. Thompson, 153 S.W.2d 322, 324 (Tex. Civ. App. 1941) ("[W]e are thoroughly in accord with the salutary effect of the wise and just rule of the common-law which forfeits any right of recovery to a beneficiary in a life insurance policy who feloniously takes the life of the insured . . . .").  Moreover, discussing the disparity of language present in the Probate Code, requiring conviction and sentencing, and the Insurance Code, devoid of such language, one commentator observed:

> The language of Section 41(d) may confront the courts with another difficulty. The Insurance Code had been construed to mean that the beneficiary of the policy is deprived of the proceeds if it is found by the jury in the civil proceeding that he or she had feloniously killed the insured, whereas Section 41(d) refers to the case of a beneficiary "who is convicted and sentenced." It is likely that no change in the rule was intended. The language, "convicted and sentenced," is explained by the fact that the reference to the provision of the Insurance Code has been placed in the same sentence with the restatement of the constitutional provision as to "conviction" for crime. The correct analysis seems to be that § 41(d) is dealing only with the effect of conviction for crime and was not intended to change the meaning of the Insurance Code.

GERRY W. BEYER, 10 TEX. PRAC. SERIES § 65.3 (2007). Thus the language in the Insurance Code governs situations--like the one alleged here--if the beneficiary is found responsible for the death of the insured. This does not require that she first be convicted and sentenced for the murder of the insured to forfeit the insurance proceeds; she need only be found to be a principal or an accomplice in willfully bringing about the death of the insured by a civil jury. *See* id.

Because Movant has provided no summary judgment evidence that she was not a principal or accomplice in wilfully bringing about the death of the Deceased, and because Movant remains a suspect in an ongoing murder investigation by the Champaign, Illinois Police Department, there is a genuine issue of material fact regarding Movant's culpability in the death of the insured and Plaintiff's Motion for Summary Judgment must be denied. It is therefore

3

ORDERED that Defendant Ursula Thomas's Motion for Summary Judgment (Document No. 33) is DENIED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 7th day of January, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE